# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

**v.**                                               **Case No. 06-CR-265**

**LUIS RUIZ-GONZALEZ**
    **Defendant.**

## SENTENCING MEMORANDUM

The government charged defendant Luis Ruiz-Gonzalez with distribution of cocaine, contrary to 21 U.S.C. § 841(a)(1) & (b)(1)(C). Defendant pleaded guilty to the offense, and the probation office prepared a pre-sentence report ("PSR") in anticipation of sentencing. The PSR set defendant's offense level at 17 and his criminal history category at II, producing an imprisonment range of 27-33 months under the advisory sentencing guidelines. Upon consideration of the factors set forth in 18 U.S.C. § 3553(a), I imposed a sentence of 16 months in prison.

## I. SENTENCING FACTORS

"When sentencing a defendant, a district court must consider all sentencing factors enumerated in 18 U.S.C. § 3553(a)." United States v. Harris, No. 05-4259, 2007 WL 1713286, at *3 (7th Cir. June 15, 2007) (citing United States v. Dean, 414 F.3d 725, 728 (7th Cir. 2005)). Those factors include:

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    the need for the sentence imposed–

            (A) to reflect the seriousness of the offense, to promote respect for the law,

>    and to provide just punishment for the offense;
>
>    (B) to afford adequate deterrence to criminal conduct;
>
>    (C) to protect the public from further crimes of the defendant; and
>
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3)   the kinds of sentences available;
>
> (4)   the advisory guideline range;
>
> (5)   any pertinent policy statements issued by the Sentencing Commission;
>
> (6)   the need to avoid unwarranted sentence disparities; and
>
> (7)   the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The statute directs the court, after considering these factors, to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in" subsection(a). Id.

While a sentence within the advisory guideline range may, on appeal, be presumed reasonable, that presumption "applies only on appellate review." Rita v. United States, No. 06-5754, 2007 WL 1772146, at *9 (U.S. June 21, 2007). The sentencing judge is forbidden from indulging a similar presumption that the guideline sentence is the correct one. Rita, 2007 WL 1772146, at *9 (stating that "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply"); United States v. Sachsenmaier, No. 05-3505, 2007 WL 1839282, at *4 (7th Cir. June 28, 2007) (stating that district courts "must sentence based on 18 U.S.C. § 3553(a) without any thumb on the scale favoring a guideline sentence"); United States v. Demaree, 459 F.3d 791, 794 (7th Cir. 2006) (stating that the district court may not presume that a guideline sentence is the correct sentence).

2

## II.  DISCUSSION

A confidential informant ("CI") working for the government arranged the purchase of nine ounces of cocaine from a drug dealer named Miguel Espinoza.  Espinoza paid defendant $100 to deliver the cocaine to the CI.  Government agents arrested defendant at the delivery site, and the cocaine weighed out at 263 grams.  Defendant admitted delivering the cocaine for Espinoza, but stated that he was out of work and needed money to help support his children.

Defendant was twenty-seven years old and had a minimal record, with just two convictions for solicitation of prostitution and operating an unlicensed motor vehicle.  In both case, he was placed on one year of court supervision.

Defendant came to the United States from Mexico at age sixteen to find work, and he had been steadily employed in this country as a CNC operator from 2003 to 2005, unloader from 2001 to 2003 and laborer from 1999 to 2001.  He lost his job in 2005 because of his undocumented status and was slated for deportation upon completion of this sentence.

Defendant's girlfriend of six years, with whom he had two children, made positive statements about him, indicating that he was a good father.  Defendant had no substance abuse issues, which was somewhat unusual in these types of cases.  Defendant also cooperated with the government, providing all of the information he had about Espinoza's activities.

As noted above, the guidelines recommended a prison term of 27-33 months, but under all the circumstances I found that range greater than necessary.  First, defendant was mainly a delivery man for Espinoza, rather than a large scale dealer himself.  The amount involved in the offense was fairly large, but defendant did not arrange the deal; he simply delivered the drugs for a $100 payment.  It was not clear he really knew how much he was carrying, although

3

he admitted knowing it was cocaine. Therefore, a sentence within the guideline range holding defendant responsible for the entire amount was greater than necessary to provide just punishment given defendant's specific conduct. See 18 U.S.C. § 3553(a)(2)(A).

Second, given his minimal record, which included no prior drug offenses, I did not believe it necessary to confine defendant for more than two years to protect the public. § 3553(a)(2)(C). Nor, given the fact that he had never before been to jail, was such a term needed to deter him from re-offending. § 3553(a)(2)(B).

Finally, the guidelines did not account for defendant's positive personal characteristics, as reflected in his employment history and family situation. Nor did they account for his cooperation with the government. The AUSA indicated that defendant did everything asked of him and proved useful to the government.

Under all of these circumstances, I found a sentence of 16 months sufficient but not greater than necessary. This sentence provided sufficient punishment, deterrence and protection of the public, while acknowledging the mitigating factors discussed above.

### III. CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for 16 months. Because this sentence varied modestly from the guideline range and was based on the particular facts of the case, it did not create unwarranted disparity. § 3553(a)(6). As required by statute, I further ordered defendant to serve a three year supervised release term. Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 2nd day of July, 2007.
/s Lynn Adelman

_____
LYNN ADELMAN
District Judge